

CHARLES J. FERRERA #3310
Attorney at Law
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813
Telephone No. 599-5220

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 8 2014

at _11_ o'clock and _10_ min. _A_M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SANDRA BARLES,<br><br>    Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION dba GRAND HYATT KAUAI RESORT & SPA<br>    Defendant. | CIVIL NO. CV14 00280 JMS RLP<br>[Other Civil Action]<br><br>COMPLAINT; SUMMONS |

(23768)

## COMPLAINT

Comes now Plaintiff Sandra Barles, by and through her attorney Charles J. Ferrera, and with claims for relief against Defendant above-named, alleges and avers as follows:

1. Plaintiff Sandra Barles is and was at all relevant times herein a resident/citizen of California, more particularly, Santa Rosa Valley, California.

2. Defendant Hyatt Corporation dba Grand Hyatt Kauai Resort & Spa is a business entity doing business in the State of Hawaii, located in Koloa, Hawaii and is a citizen of Illinois.

3. Jurisdiction is asserted pursuant to 28 U.S. Code § 1332, Diversity of Citizenship, inasmuch as the parties are citizens of different states and the amount in controversy

exceeds $75,000.00. Venue is proper pursuant to 28 U.S. Code § 1391 inasmuch as Defendant Hyatt Corporation dba Grand Hyatt Kauai Resort & Spa is a business entity doing business in the State of Hawaii, located in Koloa, Hawaii and all incidents described herein took place in the State of Hawaii, within the jurisdiction of the United States District Court, District of Hawaii.

4.  On June 23, 2012, Plaintiff Sandra Barles (also hereinafter referred to as "Plaintiff" and/or "Mrs. Barles") was a patron at Defendant Hyatt Corporation dba Grand Hyatt Kauai Resort & Spa (also hereinafter referred to as "Defendant" and/or "Hyatt") located in Koloa, Hawaii.

5.  On that date, Plaintiff was walking within the Hyatt property on a concrete path toward the hotel and the hotel entrance. As Plaintiff continued toward the entry of the hotel, the main sidewalk from the parking lot merged with a sidewalk which ran parallel with the length of the hotel from the side of the hotel but again parallel to the hotel building. Just a few feet from that merger there was a crack running from side to side of the walkway. The crack was raised approximately one-half inch from the level surface. The crack started from the hotel side as flat and level with the sidewalk but as the crack came across the walkway, it started to rise. The highest point was on the pond or parking side of this walkway. Plaintiff, who was wearing thongs, failed to notice the crack, kicked the edge of the crack on the pond or parking side of the walkway with the tip of her thong and fell, injuring herself. The impact was strong and Plaintiff fell forward and landed on her knee, then her forearm and then impacted the right side of her face. As Plaintiff fell, she screamed and her daughter tried to grab her on one side, (left), and her son-in-law grabbed her on the right side.

6. The fall was the result of the negligent acts of Defendant, through one or more of its employees and/or persons on the premises with consent, who allowed a dangerous condition, in the form of a crack and irregularity in height on the sidewalk, of which they had actual and/or constructive knowledge.

7. Defendant had a duty to Plaintiff to keep the premises reasonably safe. Defendant breached that duty and was negligent and/or is strictly liable to Plaintiff as to acts performed and as to the failure to perform certain acts as described above and herein below, and inasmuch the crack would have been apparent to any persons cleaning or maintaining the walkway, as well as to employees using the walkway on a daily basis. Because of the structure and appearance of the crack, Plaintiff maintains on information and belief that the crack has been in the state encountered by Plaintiff for a period of time long enough to provide actual and/or constructive notice of the dangerous condition to employees, managers, safety personal, building engineers, etc.

8. This injury was proximately caused by the negligence of Defendant inasmuch as Defendant knew or should have known that the premises were in a defective and/or dangerous condition, the premises were not being kept reasonably safe, Defendant failed to warn of the defective condition, Defendant failed to take steps to make the premises reasonably safe, Defendant failed to inspect the premises, Defendant negligently failed to remedy defects on the premises and Defendant violated statutes, rules, ordinances and regulations. Furthermore, Defendant had actual or constructive notice of the subject problems.

9. The negligence of Defendant proximately caused serious physical and mental injuries to Plaintiff for which Plaintiff prays for damages as more fully set forth below.

10. The negligence of Defendant also proximately caused Plaintiff to seek medical attention for which Plaintiff also seeks damages as more fully set forth below.

11. The injuries also proximately caused Plaintiff to lose work, to experience present and future loss in her capacity to work, and to incur medical bills for which losses Plaintiff seeks special damages more fully set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Special damages including but not limited to Plaintiff's medical expenses (past and future), lost wages (past and future), and loss of earning and/or working capacity in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

2. General damages in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

3. Interest and pre-judgment interest;

4. Attorney's fees and costs;

5. Such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, _____ JUN 1 8 2014 _____.

_____
CHARLES J. FERRERA
Attorney for Plaintiff

IN THE UNITED STATE DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDRA BARLES, | ) | CIVIL NO. _____ |
| | ) | [Other Civil Action] |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| HYATT CORPORATION dba GRAND | ) | |
| HYATT KAUAI RESORT & SPA; and | ) | |
| DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

(23768)

## SUMMONS

TO THE DEFENDANT(S):

You are hereby summoned and required to file with the court and serve upon Charles J. Ferrera, Plaintiff's attorney, whose address is 820 Mililani Street, Suite 701, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty (20̸) [21] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 P.M. and 6:00 A.M. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu Hawaii, _____**JUN 18 2014**_____.



_____**SUE BEITIA**_____
Clerk of the above-entitled Court

Deputy Clerk, United States
District Court, District of Hawaii